Scofield, J.,
delivered the opinion of the court: •
Prior to September 24, 1878, the United States had made surveys and subdivisions of the Lae Court d’Oreilles Reservation; in the State of Wisconsin, before reserved for the use of the Chippewa Indians, and on that day. under the direction of its agents, made an allotment of the subdivisions to individual Indians, for their own separate use and occupation. The Indians were put in possession of their several tracts, and from thattime forward treated them as their own. Sometimeelapsed before the reports of these agents cou-ld be examined and approved in the Interior Department, but the examination was finally completed and the approval given March 11, 1881. In pursuance of the allotments, patents were issued to the Indians' for their several tracts in the following June.
In the mean time farmers had been sent by the government to instruct the Indians in the settlement, improvement, and cultivation of their lands.
Two of the Indians, for the purpose of improvement and cultivation, cut small quantities of saw-logs, amounting in all to 202,000 feet, hauled them to a neighboring creelr, and in February, 1881, sold them to the claimant. The price paid was $2.50 a thousand feet. The sale was approved by the government agent, the logs delivered, taken into the claimant’s possession, and marked with his initials.
About two months after this sale and delivery, agents of the General Land Office, under instructions of the department, seized and sold the logs. The proceeds of the sale amounted to $809.20, which amount was forwarded to and covered into the Treasury of the United States.
The fact that the logs were in the peaceable possession of the claimant, under a claim of ownership, was sufficient, nothing more appearing, to support an action of trespass against the agents and their vendees for the value of the logs, or, waiving the trespass, for the money derived from the sale.
The claimant did not choose to pursue these parties, but instead has brought his suit against the government.
Assuming that the logs belonged to the claimant, and the agents were mere trespassers, for what, if anything, is the government responsible? Certainly not for the trespass and wrong-doing of its officers.. But having received the money into *141 its custody without any just or legal right thereto, the law, in our opinion, implies a contract to account to the owner of it, which can be enforced in this court.
This question arose in the case of the United Staten v. The State Bank (10 C. Cls. R., 519). The opinion of the court, as well condensed in the head-note, says: “While the party cannot set up the wrongful acts of its officers against the government, neither can the government set up the wrongful acts of its officers to relieve itself from its lawful liabilities.” The case was appealed to the Supreme Court, and in affirming the judgment of the court below, the court (96 U. S. R., 30) says:
“ Surely it ought to require neither argument nor authority to support the proposition that when the money or property of an innocent person has gone into the coffers of the nation by means of a fraud to which its agent was a party, such money or property cannot be held by the United States against the claim of the wronged and injured party.”
But the defendants go behind the claimant’s possession and attempt to disprove his title to the logs by showing title in themselves to the land from which they were cut. Here again they are confronted with the possession of the claimant’s vendors. More than two years before, the Indians had been placed in possession of the lands — not to account for the mesne profits, not to pay rent, but to settle and improve them as prospective owners.
It was decided by the Supreme Court in the case of the United States v. Cook (19 Wall., 591) that Indians have a right under such circumstances to cut and sell timber for the purpose of improvement aud cultivation of the laud. That rule alone would support the claimant’s title to the logs, for they were cut for the purpose of cultivation and improvement, and with the approval of the government agent.
But the claimant is not forced to rely upon this position alone. The possession taken in pursuance of the survey, subdivision, and allotment was followed by the approval of the proceedings by the Secretary and the issuing of patents. The title of the Indians being thus completed, related back to its inception in September, 1878. The government is thereby estopped from setting up-title or any claim for waste committed in the mean time.
In this way, by operation of law, the claimant’s title to the logs was validated even if otherwise imperfect.
*142 The claimant has also set up a demand for injury done to Ms premises by the trespass of the government agents. As above stated, the government is not responsible for the wrongful acts of its officers. It is liable only for the money which it has received in consequence of those wrongful acts.
Judgment will be entered for the claimant in the sum of $809.20.